ALFRED ELDRIDGE, RESPONDENT, *v.* THE ATLAS STEAM-SHIP COMPANY (LIMITED), APPELLANT.

*Negligence — use of a steam winch by a seaman — contributory negligence.*

In an action to recover the damages resulting from an injury to the plaintiff's left hand, caused by a steam-winch on board the defendant's steamer, it appeared that the plaintiff shipped as a seaman at the city of New York, and on the morning of the day of the accident was ordered to attend to the working of a winch, in order to control the motion of which the person operating it was required to extend his hand over the wheels to the valve. When the winch was in motion the noise caused by it was so great as to prevent the operator from hearing orders given by the person in charge of the business, and he was obliged to watch that person and operate the use of the winch in accordance

with different motions of his hand.    While extending his hand across the winch to reach and operate the valve the plaintiff's fingers were caught between the wheels and the injury complained of was received.

Evidence was given tending to show that the winch was unsafe by reason of its being uncovered where the wheels were exposed, while the defendant proved that no accident had previously happened from it, and that the hand of the operator, extended to reach the valve, was not required to go nearer than from six to ten inches of the wheel.

*Held*, that, in view of the position occupied by the plaintiff, his obligation to obey the orders of his superiors, and the confidence which would be inspired by such orders when given, he was not chargeable with contributory negligence in this case.

That it was not error to refuse to charge, that if the plaintiff had an opportunity of seeing the winch before the ship sailed, he must be assumed to have sailed with a knowledge of its condition, and could not recover for an injury caused thereby.

APPEAL by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 20th day of February, 1890, after a trial before the court and a jury at the New York Circuit, at which a verdict for $3,750 was rendered for the plaintiff.

The action was brought to recover for injuries received by the plaintiff while in the defendant's employment.

*Everett P. Wheeler*, for the appellant.

*Jacob Fromme*, for the respondent.

DANIELS, J.:

The plaintiff sustained a severe injury to his left hand, resulting in the loss of three of his fingers, in operating a diagonal steam winch on board the defendant's steamer " Alvena " on the 23d of November, 1886, at Aspinwall.   He shipped as a seaman and signed articles prior to the commencement of her voyage at the city of New York; and was ordered on the morning of the day of the accident to attend to the working of this winch in shifting cargo, and he obeyed, as it was stated he was bound to do, that order.

There were three winches used upon the steamer for similar objects, and the other two were horizontal and covered, and not liable to accidents of the nature of that encountered by the plaintiff. These others had been in use for about twelve years, and were com-

paratively noiseless. This diagonal winch had preceded the improved winch, had been in extensive use, but had given place to the others when changes were made. It consisted in a lifting apparatus, operated by a steam valve and a large and small cog wheel. And to reach the valve, to control the motion of the winch, the person operating it seems to have been required to extend his hand over the wheels to the valve. When the winch was in motion the noise caused by it was so great as to prevent the operator from hearing orders given by the person in charge of the business over him, and he was obliged to watch that person and regulate the use of the winch from different motions of his hand. The evidence of the plaintiff, which was corroborated by that of other witnesses, is, that he was rendering his services in this manner, and was extending his hand across the winch to reach and operate the valve, when his fingers were caught between the wheels and this injury received.

There was no controversy as to the fact that this winch was uncovered, or that the plaintiff received his injury while he was engaged in operating it. Evidence was given that it was unsafe for want of being covered where the wheels were exposed, and on the part of the defendant that no accident from it had previously happened, and that the hand of the operator extended to reach the valve was not required to go nearer than from six to ten inches of the wheels.

At the close of the plaintiff's case the defendant's counsel moved for a dismissal of the complaint for want of evidence of negligence, and also for the further reason that this was a risk of the plaintiff's employment, and the accident resulted from the plaintiff's own want of care. At the close of the case the motion was renewed. And the defendant excepted to its denial on each occasion.

Upon a previous trial the complaint was dismissed, but that was set aside and a new trial ordered by this General Term, whose decision was a sufficient authority for the submission of the case to the jury. (*Eldridge* v. *Atlas Steamship Co.*, 55 Hun, 309 ; 28 N. Y. State Rep., 501.) The further evidence given by the defendant was added to that which had previously been taken. But it was in no respect so controlling as to require the points in controversy to be withheld from the jury There was, accordingly, no error in the denial of these motions. The plaintiff occupied a position in which

he was bound to obey the orders of his superiors; and in undertaking to operate the winch, in the condition in which it was, he had reason to believe it could be safely done. Confidence of that nature would naturally be inspired by the orders which were given, and when it emanated from a person whose order the subordinate has bound himself to obey, as the plaintiff as a seaman in the service of the steamer had become bound, that cannot fail to be a fact of importance in the inquiry involving the care of the person rendering the service. And while the defendant was not bound to obtain and supply for this service the best possible apparatus, it was bound to render that which was to be used reasonably secure and safe. And what had been done to secure that end, with the other two in use, was suggestive, at least, of the propriety of adding that or a similar or equivalent safeguard to this diagonal winch. And as it had failed to do that, after acquiring the knowledge supplied by the other winches, and which it must from their employment be assumed to have obtained, there was sufficient to render the case one for the jury on each of these controlling inquiries.

Photographs were produced upon the trial, and a photograph of winch No. 2, which was not the winch in question, was shown to the witness Burrows, and he was then asked whether the frame on the left-hand side was a protection against the cog wheels to the man standing there and working the winch. The witness was not allowed to answer the question, and the defendant's counsel excepted to this ruling. But from the form of the question it cannot be determined that it had any pertinency to the case. It might or might not, for all that appeared, have been a protection for that winch without shedding the slightest light upon either issue in the action. The same witness was asked whether a man could not, in this country, leave the ship after he had signed articles, in case he did not like the looks of her. And an exception was taken to the ruling excluding the answer. Whether he could leave or not was not important, for the plaintiff did not attempt to leave. He was not bound to do so even if he had seen the uncovered condition of this winch before the steamer sailed, which he denied having done. The answer, even if it had been favorable, would have been wholly unimportant, for the reason that he remained and subordinated himself to the orders which were given him.

Whether he was competent to perform the duties of quarter-master after this injury to his hand was not to be determined by the opinion of the witness who was interrogated as to that fact. That depended upon the services to be performed and the apparatus to be used, which could have been clearly stated and described, and in that manner brought within the comprehension of the jury, who would then have been as able to infer what the ability was, as well certainly, as the witness. And when that may be done the fact is not one to be proved by the expression of an opinion, which was all that was asked of the witness.

Neither was there error in the refusal to charge that, if the plaintiff had an opportunity of seeing the winch before the ship sailed, he must be assumed to have sailed with the knowledge of its condition, and cannot recover for an injury caused thereby. This request presented a clear *non sequiter*, and also placed the plaintiff's right to maintain the action wholly on the opportunity to see, whether he had seen or not. But without acquiring knowledge of the fact itself, the opportunity to discover it would not justify a verdict for the defendant. If he entered the employment of the ship with knowledge that the winch was uncovered, then the court, at the request of the defendant's counsel, did charge that he could not recover, but the verdict must be for the defendant. And that was going fully as far as either the law or the facts required the court to interfere for the exoneration of the defendant.

The action was one for the jury, and neither of the exceptions can be sustained, nor was their verdict of $3,750 in any degree excessive.

The judgment and order should be affirmed.

VAN BRUNT, P. J., and BRADY, J., concurred.

Judgment and order affirmed.