CATHERINE E. MURPHY, as Administratrix of the Estate
of EMILY J. WORTH, Deceased, Respondent, v. ERIE
RAILROAD COMPANY, Appellant.

Negligence — action to recover for the death of decedent, brought
by half-sister of decedent — erroneous admission of evidence show-
ing services and expenditures of decedent for children of plaintiff.

In an action to recover for the death of plaintiff's intestate through
the negligence of defendant, the court having received evidence
that the deceased had always lived with plaintiff, her half-sister,
who was married and had children, allowed evidence to be given
over defendant's objection that the intestate had helped the plain-
tiff about the household by taking care of the children at times,
and doing things for them that the mother was not able to do, as
tending to prove the loss incurred by the plaintiff as one of the
next of kin. *Held*, that evidence relating to the services and
expenditures of the decedent for the children of the plaintiff was
incompetent.

*Murphy* v. *Erie R. R. Co.*, 134 App. Div. 992, reversed.

(Argued April 28, 1911; decided May 30, 1911.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the fourth judicial department,
entered December 1, 1909, affirming a judgment in favor
of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*F. A. Robbins* for appellant. The court erred in
receiving evidence as to the services rendered and moneys
expended by deceased for plaintiff's children. (*Gladding*
v. *Follett*, 2 Dem. 58; 30 Hun, 219; 95 N. Y. 652; *Murphy*
v. *Holmes*, 87 App. Div. 366; *Beardsley* v. *Hotchkiss*, 96
N. Y. 201; *Tilly* v. *H. R. R. R. Co.*, 24 N. Y. 471; *Lipp*
v. *Otis Bros.*, 161 N. Y. 559; *Smith* v. *L. V. R. R. Co.*,
177 N. Y. 379; *Purcell* v. *Duncan Co.*, 107 App. Div.
501.)

*Waldo W. Willard* for respondent. Plaintiff was properly permitted to show that decedent did sewing for her children and bought clothes, shoes and stockings for them. (*Ihl* v. *Forty-second St. R. R. Co.*, 47 N. Y. 37; *Johnson* v. *Long Island R. R. Co.*, 80 Hun, 306; *Myer* v. *Hart*, 23 App. Div. 132; *Medinger* v. *B. H. R. R. Co.*, 6 App. Div. 42; *Tilly* v. *H. R. R. R. Co.*, 29 N. Y. 252; *Birkett* v. *Knickerbocker Ice Co.*, 110 N. Y. 504.)

WERNER, J. On July 30th, 1908, Emily J. Warth, the plaintiff's intestate, while riding in a wagon upon the invitation of the driver thereof, was killed in a collision between the wagon and one of the defendant's trains. The accident occurred in the city of Corning at the place where the defendant's tracks cross First street. There were gates at this crossing intended for the protection of travelers upon the highway, but through the neglect of the defendant they were not lowered at the approach of the colliding train. This is the usual action for damages, brought by the administratrix of the intestate. The jury rendered a verdict in favor of the plaintiff for $4,000. Upon appeal to the Appellate Division the judgment entered on the verdict was affirmed, and that court was united in holding that, as regards the alleged negligence of the defendant and the intestate's freedom from contributory negligence, the evidence was ample to sustain the recovery. There was a division of opinion, however, upon the question whether the trial court had erred in admitting certain evidence bearing upon the question of damages. That is the only question which we shall discuss, as our examination of the record has satisfied us that the evidence bearing upon the two fundamental questions of negligence and contributory negligence justified the submission of the case to the jury.

Plaintiff's intestate at the time of her death was about 52 years of age. She had been a seamstress, earning on the average between four and five hundred dollars a

year.    Her only next of kin were a half-sister, who is the
plaintiff, and a half-brother, residing out of the state.
The intestate had always lived in the household of the
plaintiff, who was married.    Upon the direct examina-
tion of the plaintiff the fact was elicited that she had
borne four children, one of whom had died in infancy
and the other three of whom were living, the eldest being
then ten years of age.    Defendant's counsel objected to
this evidence and the learned trial court, after taking the
matter under consideration, ruled that if it should appear
that the intestate had helped the plaintiff about the
household by taking care of the children at times, and
doing things for them that the mother was not able to
do, the evidence would be admissible as tending to prove
the loss incurred by the plaintiff as one of the next of
kin.    Defendant's counsel took an exception to this ruling.
The plaintiff was thereafter permitted to testify, under
persistent objections by defendant's counsel, that the
intestate had been accustomed to looking after the chil-
dren when the plaintiff had been ill; that she had made
the children's dresses; that she bought all the clothes for
Mary, the eldest; and that she had bought the shoes and
stockings for all of them.    It was also shown that the
intestate had paid to the plaintiff for her board $3.50 a
week; that she had given her a Christmas present each
year, as she did to the half-brother; and had performed
some other small services for plaintiff.    The verdict of
the jury was for $4,000.

The Code of Civil Procedure provides that damages in
such actions as this are exclusively for the benefit of the
decedent's husband or wife and next of kin (§ 1903), and
they are to be a fair and just compensation for the dece-
dent's death to the person or persons for whose benefit the
action is brought.    (§ 1904.)    Under these very general
provisions of the statute it has been impossible for the
courts to formulate any strict or definite rules for the
guidance of juries in estimating damages, and they

have, therefore, given the law a broad and liberal construction. Thus, in *Ihl* v. *Forty-second St. & G. St. F. R. R. Co.* (47 N. Y. 317), where the action was for the benefit of the parents to recover for the death of a child of tender years, it was held that the absence of proof of special pecuniary damage to the next of kin resulting from the death of the child would not have justified the court in nonsuiting the plaintiff, or in directing the jury to find only nominal damages, and in similar cases this court has decided that the statute does not limit the right of recovery to cases in which there is exact proof of actual pecuniary loss. (*Oldfield* v. *N. Y. & Harlem R. R. Co.*, 14 N. Y. 310, and *O'Mara* v. *Hudson River R. R. Co.*, 38 id. 445, 450.) It is always proper, and sometimes necessary, to make proof of such facts as the age, sex, health and general intelligence of the person killed, his relation to the next of kin and their condition in life. (*Houghkirk* v. *President, etc.*, *D. & H. C. Co.*, 92 N. Y. 219; *Lockwood* v. *N. Y., L. E. & W. R. R. Co.*, 98 id. 523, 526; *Matter of Meekin* v. *B. H. R. R. Co.*, 164 id. 145, 152.) All these things have a bearing upon the question of pecuniary loss suffered by those for whose benefit the action may be maintained, and these are the decedent's husband or wife and next of kin.

In the case at bar the plaintiff was permitted to prove the number of her children. These children were not next of kin to the decedent. This evidence was supplemented by proof of specific services and expenditures rendered and made by the decedent for the benefit of these children. This evidence was admitted upon the theory that it tended to prove the pecuniary loss which was sustained by the plaintiff, the mother of these children, in the death of her intestate. That is a theory, however, which is obviously fallacious, for its effect is to place before the jury extraneous facts calculated to excite sympathy and induce a verdict based on elements of loss not contemplated by the statute. The reception of

similar evidence was condemned by this court in *Lipp* v. *Otis Bros. & Co.* (161 N. Y. 559), where the plaintiff, who sued to recover for the death of his son, was permitted to prove the circumstances of the sisters, brothers, nephews and nieces of the decedent, none of whom had any legal interest in the recovery. In *Pennsylvania Co.* v. *Roy* (102 U. S. 451) the plaintiff was a married man, who brought suit to recover damages for injuries to himself. Upon the trial he was permitted to give evidence of the number and ages of his children. The judgment was reversed by the United States Supreme Court upon this ground alone, and in condemning that evidence that court said: "The manifest object of its introduction was to inform the jury that the plaintiff had infant children dependent upon him for support, and, consequently, that his injuries involved the comfort of his family. This proof * * * was well calculated to arouse the sympathies of the jury, and to enhance the damages beyond the amount which the law permitted." (p. 460.)

We do not suggest that the verdict in this case is excessive, for with that question we have nothing to do It is our duty, however, to see that verdicts in this class of cases, whether large or small, are supported by competent evidence relevant to the measure of damages prescribed by the statute. The evidence relating to the services and expenditures of the decedent for the children of the plaintiff was incompetent, and it may have been influential in determining the amount of the recovery. It was, therefore, not a harmless error and for that reason the judgment should be reversed and a new trial granted, costs to abide the event.

CULLEN, Ch. J., GRAY, HAIGHT and COLLIN, JJ., concur; HISCOCK, J., concurs in result; VANN, J., not sitting.

Judgment reversed, etc.