### CARBERRY v. ACME TRANSIT CO.

#### (District Court, W. D. New York. January 29, 1913.)

1. TRIAL (§ 191*)—INSTRUCTIONS—ASSUMED FACTS.

Where plaintiff, with other workmen, was engaged in hauling a cable on a steamer, and plaintiff's fingers were crushed in the cogs of the wheel of the winch by the sudden slackening of the cable, instructions in relation to plaintiff's inexperience and ignorance of the possible result of a sudden slackening of the cable were not erroneous, in assuming that he did not know that, while he was pulling on the wheel of the winch, other workmen were engaged in hauling the cable, since, if plaintiff was ignorant of the possible results of such slackening, it was immaterial whether he saw the other workmen hauling on the cable or not.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

2. TRIAL (§ 256*)—INSTRUCTIONS—DUTY TO OBJECT.

Where the court in its instructions misstates the testimony on a point prejudicial to defendant, it is the duty of defendant's counsel to call the court's attention thereto at the close of the charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 628–641; Dec. Dig. § 256.*]

3. NEW TRIAL (§ 76*)—AMOUNT OF DAMAGES—PERSONAL INJURIES—DISCRETION OF JURY.

In an action for personal injuries, the amount of damages to be awarded is entirely within the province of the jury, with which the court will not interfere, unless the amount awarded is so excessive as to show that the jury acted from passion or prejudice.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 153–156; Dec. Dig. § 76.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

At Law. Action by John F. Carberry against the Acme Transit Company. Verdict for plaintiff. On defendant's motion for new trial. Denied.

Hamilton Ward, of Buffalo, N. Y., for plaintiff.

Thomas C. Burke, of Buffalo, N. Y. (Thomas H. Garry, of Cleveland, Ohio, of counsel), for defendant.

HAZEL, District Judge. [1] The principal objection to the instructions given the jury is that the court assumed that the plaintiff did not know that, while he was pulling on the wheel of the winch and winding it up, other workmen were engaged in hauling the cable, which suddenly slackened and crushed his fingers in the cog of the wheel, when it was practically admitted by him that he knew that the witness Harrington, who was in charge of the steamer and the other workmen, was engaged in hauling on the steel cable just before the plaintiff sustained injuries. The instructions of the court on this subject had relation to plaintiff's inexperience and ignorance of the possible results of a sudden slackening of the cable, and of the method of operating the winch, and of the momentum of the wheel; and if the plaintiff was ignorant thereof, as was manifestly the opinion of the jury, it makes no difference whether he saw the men hauling on the cable or not.

[2] The question of his asserted inexperience was submitted to the jury. If the court misstated the testimony on this point, and such misstatement was thought to be prejudicial, the court's attention should have been called thereto by counsel for defendant at the close of the charge to the jury. Any mistaken assumption as to the testimony embodied in the instructions is not sufficient ground for setting aside the verdict.

[3] It was my impression that the verdict was excessive, or at least larger than was required by the extent of the injuries to compensate the plaintiff, and I have given the question of excessive damages careful consideration, but think I must decline to hold that the jury erred in making such award. It is not improbable that I should have awarded a somewhat smaller amount if I were to have determined the case, but at this stage my views on this subject ought not to control. The cases cited by plaintiff all hold that the matter of assessing damages in actions for injuries sustained by reason of the negligence of a defendant is entirely within the province of the jury, and that there should be no interference by the court, unless the amount is so excessive as to show that it resulted from passion or prejudice on the part of the jury.

In Van Sickel v. Ilsley, 75 Hun, 537, 27 N. Y. Supp. 1113, the plaintiff sustained injuries similar to those of the plaintiff in suit. The jury rendered a verdict of $3,300, and the Appellate Division for the Fourth Department did not think the verdict excessive. In Eldridge v. Atlas Steamship Co., 58 Hun, 96, 11 N. Y. Supp. 468, three fingers were lost by the plaintiff while operating a steam winch on a steamboat, and the verdict of $3,700 was sustained. In Borgeson v. U. S. Projectile Co., 2 App. Div. 57, 37 N. Y. Supp. 458, there was a loss

of the middle finger and the impairment of the first and third, and the court reduced the verdict from $8,000 to $5,000. In Teeft v. Buffalo Dry Dock Co., 147 App. Div. 918, 131 N. Y. Supp. 1146, the injuries were a broken right thumb on the hand of a carpenter, and the appellate court was of opinion that $3,500 was not excessive.

These decisions are persuasive of the reasonableness of the verdict at bar, and lead to a denial of the motion.