## BOSHER v. INTERNATIONAL RY. CO.

(District Court, W. D. New York. August 2, 1926.)

1. Damages ⊂⇒1.

The federal rule of damages for personal injuries is intended to give remuneration for actual pecuniary loss involved.

2. Damages ⊂⇒132(10)—Verdict of $54,000 for loss of one leg and injury to the other held excessive, and to be reduced to $45,000.

A verdict of $54,000 for personal injury to man 39 years old, necessitating amputation of one leg and several operations on the other, held excessive, in that the jury failed to consider the decreased earning power of plaintiff, due to increasing age, or the earning power of the money awarded, and to be reduced to $45,000.

At Law. Action by George W. Bosher against the International Railway Company. On motion by defendant for new trial. Granted, unless plaintiff stipulates for reduction of verdict.

Ward, Flynn, Spring & Tillou, of Buffalo, N. Y. (William J. Flynn, of Buffalo, N. Y., of counsel), for plaintiff.

Rann, Vaughan, Brown & Sturtevant, of Buffalo, N. Y. (Raymond C. Vaughan, of Buffalo, N. Y., of counsel), for defendant.

HAZEL, District Judge. Motion to grant new trial on the ground that the verdict of the jury of $54,000 was grossly excessive.

The evidence shows that plaintiff, when injured, was 39 years of age, and his expectancy of life was nearly 29 years. His annual earnings amounted to $1,385.80, and his maintenance at the hospital and doctors' bills amounted to $1,300.

He was horribly injured and suffered intense pain while at the hospital, and will continue to suffer discomfort and inconvenience, and perhaps more or less pain, as long as he lives. It is shown that one leg was severed

in the collision between two electric cars operated by defendant, he being a passenger, and that while in the wreckage of the cars his leg bled profusely, his other foot being also severely crushed. The crushed leg was amputated and his crushed foot given treatment. He remained at the hospital, under treatment, for a period of ten months, and during that time suffered great pain necessitating frequent hypodermic injections.

It is doubtful whether an artificial leg can be applied without continuous pain in its use, since a bone extension on the stump of the amputated leg interferes with its fastening. To properly fit it without paining him, an additional operation is required. On the left foot plaintiff's arch was eliminated by the crushing of the bone and resultant treatment. Three operations were necessary to arrest infection on the foot, and one of the surgeons testified that only about one-fourth of its weight-bearing power remained, and there is a probability that this leg may also necessitate amputation.

It is difficult to estimate the pain and suffering attending injuries of such severity, accompanied by the mental anguish and discomfort he must endure throughout his life by reason of his crippled condition.

The only alleviation that the law affords is to give him just and reasonable compensation—something that was within the province of the jury to determine, from the evidence. I assume that the award of the jury for his loss of wages and earning capacity during his expectancy of life was based upon his annual wage of $1,385.80, and the difference, less the expenses, was for the injuries. It is true that what the exact elements were that entered into the minds of the jury in reaching their conclusion is unknown, but it is nevertheless fair to infer that the damages for loss of services were fixed in the minds of the jury on a basis of his entire earnings during his expectancy, and the difference between such amount and $54,000, less the expenses, was, in their judgment, a proper amount for the pain and suffering and permanency of his injuries.

[1] No exceptions were taken to the instructions of the court to the jury by either counsel, but, in my opinion, the jury failed to consider that plaintiff, as the years advanced, would have a decreased earning capacity. The federal rule of damages for personal injuries was intended to give remuneration for the actual pecuniary loss involved. Upon this point the Supreme Court, in Chesapeake R. Co. v. Kelly, 241 U. S. 485, 36 S. Ct. 630, 60 L. Ed. 1117, L. R. A. 1917F, 367 said:

"So far as a verdict is based upon the deprivation of future benefits, it will afford more than compensation if it be made up by aggregating the benefits without taking account of the earning power of the money that is presently to be awarded. It is self-evident that a given sum of money in hand is worth more than the like sum of money payable in the future. Ordinarily a person seeking to recover damages for the wrongful act of another must do that which a reasonable man would do under the circumstances to limit the amount of the damages."

[2] Accordingly I think that the award of the jury was excessive, and that it should more strictly have been conformed to the rule of his decreasing earning capacity as the years passed, and it was also required to take into account the earning power of the money, which, I infer, the jury failed to do. Taking all the facts and circumstances into consideration, the recovery should be reduced from $54,000 to $45,000, and, unless plaintiff stipulates said reduction, a new trial must be granted.