## McMAHON v. PENNSYLVANIA R. CO.

District Court, E. D. New York.
July 5, 1938.

Samuel Edelstein, of New York City, for plaintiff.

Burlingham, Veeder, Clark & Hupper, of New York City, for defendant.

BYERS, District Judge.

Decision was reserved upon defendant's motion to dismiss at the close of the entire case, and upon the motion to set aside the verdict after it had been returned by the jury in plaintiff's favor for $7,500.

Mere failure to agree with the finding of the jury on the merits would not justify granting either motion, and after reconsideration of the testimony I still incline to the view that there was such a conflict in testimony, as to the happening and its

cause, as to require submission of the case to the jury. The motion to dismiss is denied.

There is reason to suppose that the jury probably made its award on the theory of comparative negligence, but the showing of permanent disability was too theoretical to justify the amount awarded.

The injury was of a fractured bone at the base of the great toe on the left foot. It occurred but 3½ months prior to the trial, which enabled the plaintiff to appear in the court room on crutches.

There is no reason to suppose, from the medical testimony as a whole, that a permanent impairment is to be anticipated.

The motion to set aside the verdict and for a new trial will be granted, unless the plaintiff stipulates to a reduction in the verdict to the sum of $2,500.

Settle order.