## MAYER v. GULF OIL CORPORATION.
### Civil No. 1501.

District Court, E. D. New York.

Feb. 1, 1941.

James E. Turner, of Brooklyn, N.Y. (Royce A. Wilson, of Brooklyn, N.Y., of counsel), for defendant, for the motion.

Isidore S. Jaffe, of Brooklyn, N.Y. (George I. Swetlow, of Brooklyn, N.Y., of counsel), for plaintiff, opposed.

CAMPBELL, District Judge.

This is a motion made on behalf of the defendant to set aside the verdict on the ground that it is excessive, and for a new trial.

The jury, after hearing the evidence and my charge, have found, as I must assume, that the plaintiff has been permanently injured and I accept that finding.

They awarded him $26,500.

Immediately before the accident he was receiving but $52.50 per month, that is $630 a year from the W.P.A.

He had no trade or profession.

He was 47 years of age and had an expectancy of life of 23.81 years.

He had earned more, but there was nothing to show that at that age he would have been able to substantially advance himself, but his average earnings may be fixed at $792 per year.

The $26,500 was to be given him in one sum and that sum if invested at 3% would produce $795 interest each year, which would be $3 more than his average income and still leave the principal sum of $26,500 intact, an unreasonably large sum for pain and suffering and expenses.

That fact alone clearly shows that the verdict is excessive.

Unless plaintiff shall, within ten days, stipulate to reduce the verdict to $20,000, the motion to set aside the verdict as excessive will be granted.

If the plaintiff shall, within ten days, stipulate to reduce the verdict to $20,000, then the motion to set aside the verdict will be denied and judgment may be entered against the defendant for $20,000 with costs.