**BATES v. PAN AMERICAN BUS LINES, Inc., et al.**

District Court, S. D. New York.

Dec. 4, 1941.

House, Grossman, Vorhaus & Hemley, of New York City (David Vorhaus and

Sidney Greenman, both of New York City, of counsel), for plaintiff.

David Tepp, of White Plains, N. Y., for defendant Pan American Bus Lines, Inc.

Macpeak, Flatow & Abramowitz, of New York City (Fred Flatow, of New York City, of counsel), for defendant Oliver A. Miller.

I. Nathaniel Treblow, of Philadelphia, Pa., for defendant Irwin Rupp.

GALSTON, District Judge.

At the conclusion of the trial the defendants moved to set aside a verdict in the plaintiff's favor in the amount of $22,500, on various counts, including the excessiveness of the verdict. The motion was denied in all respects save that part which related to the amount of the verdict.

■ It is, of course, difficult in personal injury cases to use a formula for the determination of the amount of a recovery which in all respects can be applied with precision. The usual elements of pain and suffering, the nature and extent of the injury and loss of earnings, admit of much flexibility and considerable amount of speculation. Certainly the verdict of a jury should not be lightly disturbed.

■ However, in this case the award, all things considered, seems to be excessive. The one reasonably certain item is that of medical expenses incurred. The plaintiff testified that those amounted to $1,322. His testimony with respect to his earnings was not supported by any evidence. He said that his commissions in driving a truck and selling soft drinks averaged between $40 and $50 a week, and that he had expenses in connection therewith of $10 a week. He kept no books and had no bank account. No income tax report was filed. An allowance of $1,300 a year for the two years from the accident to the date of the trial would seem to be adequate.

At the time of the accident of December 29, 1939, he was twenty-six years of age. The accident resulted in a serious injury to his right knee. The doctors disagreed as to the extent of the injury, particularly with respect to the restriction of motion of the knee joint. His own doctor testified as to an improving condition in respect to the infection which had followed the first operation and preceded the second, and expected it to disappear. He also said that he planned shortly to remove the cast about the knee, thigh and leg. The atrophy was readily explained by the non-use due to immobilization. That condition is likely to be improved when the cast is removed and the knee exercised.

It does not appear that any such award would have been made by a compensation commission as was awarded by the jury. Of course, that is not in any way determinative of the issue here, but it is helpful in a measure for the consideration of the problem. In the circumstances, and having in mind the economic conditions prevailing, $10,000 for the injury in addition to the expenses of $1,322 and $2,600 for loss of earnings, making in total approximately the sum of $14,000, seems a just award.

Accordingly, the motion of the defendants to set aside the verdict is granted unless the plaintiff stipulates within ten days from the entry of an order herein to accept the reduced sum.