## SIMPSON v. PENNSYLVANIA R. R. CO.
Civ. No. 2256.

District Court, E. D. New York.
April 6, 1943.

O'Neill, Higgins & Latto, of New York City (Thomas J. O'Neill and Charles R. Mullin, both of New York City, of counsel), for plaintiff.

Burlingham, Veeder, Clark & Hupper, of New York City (G. Hunter Merritt, of New York City, of counsel), for defendant

INCH, District Judge.

This is a motion by defendant to set aside the verdict for plaintiff on the ground that it is excessive. The action is brought by Josephine Simpson, the widow of Charles Simpson, deceased, as administratrix of his estate.

Charles Simpson was 28 years of age when he was killed on July 16, 1941 due to the negligence of the defendant according to the verdict of the jury. He had an expectancy of approximately 37 years. He left surviving his widow who was also 28 years of age and four minor children, Theresa, born March 16, 1941, Madeline, born April 5, 1936, Patricia, born March 18, 1935, and Charles, born January 22, 1934. Simpson therefore left three little daughters, four months, five and six years old and a son approximately seven and one-half years old.

The action was brought pursuant to the Decedent Estate Law of the State of New York, § 130 et seq., Laws 1920, c. 919, Sect. 1, McKinney's Consol. Laws of New York Ann. c. 18. The trial consumed a week and was skilfully tried by both counsel. The jury retired and after several hours of consideration rendered a verdict in favor of plaintiff for $47,500.

The first impression of the court was that this verdict might be excessive. It accordingly entertained the motion now being decided. Oral argument was thereafter heard in order to aid the court.

The conclusion I have reached is that a careful consideration of all the particular facts and circumstances shown by the evidence furnishes no sufficient ground for this court to substitute its own judgment for that of the jury. There is no indication that this verdict was reached because of sympathy or prejudice. On the contrary it seems to me that the jury carefully considered the pecuniary loss suffered by the widow and next of kin because of the untimely death of the husband and father. Houghkirk v. Delaware & H. Canal Co., 92 N.Y. 219, 44 Am.Rep. 370; Murphy v. Erie R. Co., 202 N.Y. 242, 95 N.E. 699; Briscoe v. United States, 2 Cir., 65 F.2d 404.

The evidence indicates that Simpson was a hard working, industrious young man, living with his wife and children, and doing the best he could to provide for their needs and education. He had worked as a laborer, and then as a chauffeur, and finally, at the time of his death, he was a painter employed by a painting company which had a contract with the defendant for the painting of certain poles carrying 11,000 volts of electricity in one of its yards in this district. He was earning approximately $1,800, a year. He turned his wages over to his wife, retaining two or three dollars a week. Of course, his own necessities would deduct something more. But it is plain from the evidence because of his age and willingness to work, that he was both a father and husband who was endeavoring and anxious to provide, as best he could, for his family so dependent upon him and consisting of his wife, these three little girls and a small boy. His expectancy of life is also an item.

It is also reasonable to consider that there are reasonable expenses necessarily arising from his sudden death and that the widow with the care of these small children is left without means of other income. The present cost of living and living conditions and the necessity to provide reasonable and necessary education and moral training for these children should not be lost sight of.

When, therefore, one conscientiously pauses to figure the actual pecuniary loss to the widow and these children by this sudden ending of all income, it becomes evident, in my opinion, that it is a decision that the law leaves to the conscience and good sense of a jury provided that a reasonable argument for sustaining their conclusion may be based on the evidence and reasonable inferences therefrom.

To do otherwise would substitute the arbitrary opinion of the court for their considered verdict, as to which there is nothing in the evidence to indicate that they were influenced by anything except to compute so far as possible what they sincerely believed to be the actual pecuniary loss sustained by the widow and the children.

In making this decision, the court recognizes the difficulty in fixing a precise loss of this character and the freedom of judgment which must necessarily exist on the part of the jury, after carefully considering all the evidence. When such judgment has been so exercised and there is no evidence showing that it has been abused or improperly exercised the court is not authorized to set aside their considered verdict.

Accordingly the motion is denied.