**CUNNINGHAM v. PENNSYLVANIA R. CO.**
Civil Action No. 3427.

District Court, E. D. New York.
April 17, 1944.

William Paul Allen, of New York City, for plaintiff.

Burlingham, Veeder, Clark & Hupper, of New York City (G. Hunter Merritt, of New York City, of counsel), for defendant.

MOSCOWITZ, District Judge.

The plaintiff, a brakeman in the employ of defendant, has sued to recover damages for the loss of his right leg, which was amputated 3½ inches above the knee. Plaintiff was 38 years old at the time of the accident, at which age his life expectancy is approximately 29 years, and was earning $2900 per year. The jury rendered a verdict in favor of plaintiff in the amount of $60,000 and this motion was made at the trial to set aside the verdict as excessive, decision having been reserved.

As elements which the jury is entitled to consider in appraising the damages which the injured party has suffered are an allowance (1) for loss of earnings, past and future, computed at present money values, (2) for past pain and suffering and also for such as will, to a reasonable degree of certainty, materialize in the future, (3) for humiliation which the disfigurement will bring about, and (4) for actual expenses. The first and last of these items can be calculated with some degree of accuracy and if they alone constituted the basis of the jury's verdict, the court could and would without hesitancy correct any error made. But who can say with any semblance of certainty what amount of money will compensate an injured person for the pain and suffering he has undergone and will undergo in the future? What should be the measuring device? The difficulty, if not impossibility, of attaining any uniformity in the answer to these questions has lent force to the principle that courts should not substitute their judgments for the composite determination of twelve jurors who are entrusted with the task of ascertaining an amount which is neither niggardly nor a penalty but represents just compensation for the loss sustained. On this view, courts have often refused to disturb jury verdicts even though if the question had been theirs to decide initially, they would have allowed a different amount. Rosenzweig v. Hines, D.C., 285 F. 622, affirmed, 2 Cir., 285 F. 1021; Carberry v. Acme Transit Co., D.C., 203 F. 780; Gallagher v. Lehigh Valley R. R. Co., 55 F.Supp. 1022, Civil Action No. 3436, unreported decision by Galston, J., March 9, 1944; Simpson v. Penn. R. R. Co., 55 F.Supp. 652, Civil Action No. 2256, unreported decision by Inch, J., April 6, 1943.

However, when it is not just a difference of opinion as to what amount

will be adequate compensation, but the sum agreed upon by the jury is so vastly at variance with what common sense and experience dictate to be a fair allowance in the particular circumstances of the case, courts do not hesitate to exercise their discretionary power to modify the verdict in the interest of fairness to all parties. Verdicts have often been reduced where only injustice could result if not so modified. Burris v. American Chicle Co., D.C., 33 F.Supp. 104, affirmed, 2 Cir., 1941, 120 F.2d 218; Mayor v. Cent, Vermont R. R. Co., D.C., 26 F.2d 905, affirmed 2 Cir., 26 F.2d 907, certiorari denied 278 U.S. 624, 49 S.Ct. 26, 73 L.Ed. 545; Bates v. Pan-Amer. Bus Lines, D.C., 42 F. Supp. 213; Mayer v. Gulf Oil Corp., D.C., 36 F.Supp. 773; McMahon v. Pennsylvania R. R. Co., D.C., 24 F.Supp. 154; Bosher v. International Ry. Co., D.C., 15 F.2d 388.

Plaintiff required hospital treatment for only two or three weeks. There were no complications during convalescence and plaintiff testified that he suffered only intermittent pain. At the time of trial, eight months after the injury, the leg was sufficiently healed to be ready for an artificial limb, which has been ordered. While plaintiff will undoubtedly not be able to continue as a brakeman, there is every likelihood that he can pursue another occupation, such as that of apartment house superintendent, in which capacity he was formerly employed. While there is no pecuniary standard for a prescribed injury which can be applied in different cases and each situation must be viewed in the light of its own circumstances, it is pertinent to note that research of counsel and the court has unearthed no case of an allowance of $60,000 for the loss of one leg (see collation of cases in 25 C.J.S., Damages, § 198, p. 961). Under these circumstances, the jury's verdict must be regarded as excessive, even taking into consideration that the present maximum return of 2% from savings banks justifies a greater sum than formerly.

Unless the plaintiff, within ten days from the entry of the order herein, stipulates to a reduction to $40,000, the motion to set aside the verdict is granted and a new trial ordered as to the amount of damages only, the fact of defendant's liability being established by the jury's verdict. In the event that the plaintiff duly stipulates to the reduction, the motion is in all respects denied.