(174 App. Div. 61)

## MORRIS v. INTERNATIONAL RY. CO.

(Supreme Court, Appellate Division, Fourth Department.   July 6, 1916.)

1. APPEAL AND ERROR ☞1004(1)—JURISDICTION—AMOUNT OF VERDICT.

   The Appellate Division has power to modify the amount of a verdict though such power does not justify the substitution of its judgment for that of the jury in fixing damages; but it should not interfere with the damages fixed by the jury, unless it appears that the verdict rendered is clearly against the weight of the evidence, or has been actuated by passion, prejudice, or mistake, or is founded upon some improper ruling or method in the determination of the amount.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3944, 3946; Dec. Dig. ☞1004(1).]

2. DAMAGES ☞132(3)—EXCESSIVE DAMAGES—INJURY TO HEAD.

   A verdict of $30,000 for injury to plaintiff, a woman of 31, unmarried, physically well, and of a hopeful disposition, then earning $12 per week in a supervisory position, from a fracture of the skull about 3 inches long and 1½ inches wide, depressing parts of the skull upon and into the brain, causing a removal of part of the brain, leaving a hole in the skull, and paralysis of the left side, preventing her from moving about, such permanent injury to the nervous system that she was able to talk only with difficulty, and under the slightest strain evidenced hysteria, and in the absence of any showing of prejudice or a wrong conception of the weight of evidence, will not be set aside as excessive.

   [Ed. Note.—For other cases, see Damages, Cent. Dig. § 374; Dec. Dig. ☞132(3).]

Appeal from Trial Term, Erie County.

Action by Janie Morris against the International Railway Company. From a judgment for plaintiff, and from an order denying defendant's motion to set aside the verdict and for a new trial, defendant appeals. Judgment and order affirmed.

Argued before KRUSE, P. J., and FOOTE, LAMBERT, MERRELL, and DE ANGELIS, JJ.

Edward E. Franchot, of Niagara Falls, for appellant.
Hamilton Ward, of Buffalo, for respondent.

LAMBERT, J.   The plaintiff was a passenger upon one of the electric cars operated by the defendant company.   The conveyor of electricity, or trolley wheel, so called, for some cause was thrust into the car with great force, coming in contact with the plaintiff's head, producing the injury involved in this action.   Several grounds of negligence are alleged, involving operation, safe appliances, etc.   The plaintiff had a verdict of $30,000.   An order made by the trial justice, denying motion of the defendant to set aside or reduce the verdict on the ground that it was excessive, was entered, and this appeal is from that order.   That is the only question here argued or presented.

[1] The power of this court to modify the amount of the verdict is well settled.   The existence of such power, however, is not a justification for the substitution of the judgment of this court for that of the jury in fixing damages.   Courts should not interfere with the damages fixed by a jury, unless it appears that the verdict rendered is

clearly against the weight of the evidence, or has been actuated by passion, prejudice, mistake, or is founded upon some improper rule or method in the determination of its amount. Where merely a question of sound judgment is involved, and it appearing that the submission to the jury was free from conduct, either by court or counsel, tending to excite or arouse the prejudice of the jury, courts should not interfere with the discretion vested by law in that body. No claim is made that any effort was exerted by plaintiff's counsel to inflame or excite the passion or prejudice of the jury. So far as appears, the atmosphere of the trial court was dispassionate and normal. The sole claim for invoking the discretion of this court to reduce the verdict is found in the enormity of the sum fixed. It is so large, it is insisted, that it shocks the conscience. This deduction is arrived at by a comparison with verdicts rendered in other cases. If such was an unvarying test, even then the assertion of counsel is not well founded. There are cases where parties have been recompensed for injuries not more severe than in this case with even larger damages, and the same have been sustained. The uncontradicted and, I assume, indisputable facts involved in this injury need only be consulted to sustain the damages assessed in this case.

[2] The plaintiff, at the time of the happening of the accident, was 31 years of age. It is shown in the record that she was physically well and of a hopeful disposition. She had been in the employ of the telephone company for about 13 years. At the time of the accident she was earning and receiving compensation at the rate of $12 per week. Her position was supervisory. It involved her presence at the telephone centrals, local exchanges, and about the hotels in the city. It embodied the making of written reports of conditions observed, of operation. She was unmarried.

In the accident wherein she received her injuries, the trolley wheel portion of the pole was driven through the window, beside which she was sitting, coming in contact with her head, and fracturing her skull. The fracture was about 3 inches long and 1½ inches wide, and portions of the skull were depressed upon and into the brain. Two pieces of the bone were driven into the brain itself, to the depth of half an inch. She was taken to the hospital, where a trephinning operation was performed. Broken and loose pieces of bone were removed, and her injuries surgically dressed. In this operation a part of the brain was unavoidably removed. She suffered immediate paralysis of her left side, particularly affecting the arm, face, and leg. The hole in her skull has never healed, and the evidence is that it never will. Paralysis of the arm has somewhat improved, but not so that of the leg. It appears that the brain centers controlling the motion of the leg are above those controlling the motion of the arm, and hence were more seriously injured. The paralysis is sufficient to prohibit her moving about, except with assistance, and she has only retarded motion of the arm. Her nervous system is now such that it is only with great difficulty that she is able to talk and under the slightest nervous strain her countenance twitches and jerks and she evidences hysteria. In medical understanding, hysteria is the border

line of insanity. These conditions, we are told by the doctors, will continue through life.

The appellant concedes upwards of $12,000 of this recovery to be justified by direct proof of pecuniary loss. In the analysis it gives of the items of expense there is no mention of the cost of an attendant and nursing during the balance of her life, or of any medical requirements. It is complained, however, that the balance of the verdict is unjustifiable for pain and suffering, past and future. It is conceded that the sensory, as well as the motor, nervous systems, are involved in permanent injury. This young lady is for all time cut off from the associations of friendship and social intercourse with those about her. This accident has disqualified her from becoming a wife or mother. There is no greater disappointment or loss to womankind. From an independent and self-supporting girl, she has become for life a helpless invalid, requiring constant attendance. She is even deprived of the means of self-entertainment. She cannot, by reading, sewing, or knitting, occupy herself. She cannot undergo, any considerable length of time, even ordinary conversation, without detriment to her already shattered nervous system. She has lost for all time not only the enjoyment, but the mental improvement, to be derived from free association and companionship. She must sit her days out, conscious that such association as she receives from others has its foundation solely in sympathy. She can only receive; she cannot give. She is doomed to exile. She can have no hope of future improvement, and the only relief from the desolation of her loneliness will lie in her death. These considerations furnish a basis for mental anguish and suffering, through life, incapable of adequate compensation. It is also directly proven that she has heretofore undergone and must hereafter suffer intense physical pain.

Under our system, the assessment of damages in a case like this, where the parties are unable to agree, must be left to some tribunal. The law has selected a jury as the proper body. Their finding should be conclusive, unless there is some legal reason for assailing it. Neither in the attitude of court nor counsel is any charge made that the jury was improperly influenced. The conduct of counsel representing the plaintiff is conceded to be well within the limits of ethical conduct. The trial was fair. The verdict was reached by the jury, as we must assume, upon a sane and meritorious consideration of the elements present. It may be said, therefore, that this verdict is not the product of passion, prejudice, or the wrong conception of the weight of evidence.

That it is seldom that a larger or as large a verdict as this has been rendered by a jury in this state, in an action of this character, may be conceded. That there are some precedents is admitted, so far as precedents of this character should go. There are no two cases where the nervous shock and injury can be the same. The physical injury may. The degree of mental suffering in a given case depends upon the nervous condition of the party. It is well known and recognized that the nervous sensibility of people differ. It can be revealed in physical manifestations much better than in word painting. It must

necessarily follow that one case cannot serve as a concluding precedent for another. Conditions being dissimilar, the rule of precedent is not applicable. No case that has been cited is a precedent for this one in its essential conditions of injury. It accordingly follows that this can be no precedent for any other case, except where conditions are exactly the same. Interference with this verdict would only mean the substitution of the judgment of this court for that of the jury. That subject is confided by law to the jury, and should not be invaded by the court, except for manifest and good reasons, which are not here present.

Therefore this judgment and order should be affirmed. All concur.