MACIE BOWERS *v.* COLONIAL STAGES INTERSTATE TRANSIT, INC.*

(*Knoxville,* September Term, 1931.)

Opinion filed December 5, 1931.

---

*As to recovery for mental anguish generally, see 26 R. C. L., 606, 607; R. C. L., Pocket Part, title Telegraphs and Telephones, section 104.

On liability of carrier for mental anguish, see 4 R. C. L., 1095; R. C. L., Perm. Supp., p. 1275.

JOHN H. EARLY, for plaintiff in error.

LYNCH, BACHMAN, PHILLIPS & LYNCH, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Plaintiff's declaration alleges that, being in Chattanooga and advised of the serious illness of her mother, at a point near Johnson City, she procured her husband to make inquiry as to the quickest means of transportation from Chattanooga to Johnson City; that he approached an agent of the defendant bus line at Chattanooga and advised him of the situation and was told by the agent that defendant's bus would leave Chattanooga for Johnson City at 1:30 P. M., arriving there at 9:30 P. M.; that she presented herself at the local station at the hour named and was then informed that defendant did not operate a bus line to Johnson City; that she was much delayed, as the result of this misinformation, in reaching her mother's bedside and that meanwhile her mother had lost consciousness and later died without recognizing plaintiff; that before lapsing into unconsciousness her mother repeatedly called for her. She sued to recover damages for mental anguish. A de-

murrer to the declaration on several grounds was sustained, and plaintiff appeals.

It not being alleged that defendant operates a line from Chattanooga to Johnson City, it is insisted that (1) the defendant owed no duty to plaintiff to give the information, and that (2) in giving the alleged mis-information the agent acted beyond the scope of his authority. By other grounds of the demurrer the right to recover for mental anguish on the facts alleged is denied, it being insisted that while Tennessee has followed the minority rule in allowing recoveries for mental anguish, such recoveries have been confined to a limited class of cases only, and reliance is had on the expressed disinclination of this Court to extend the right of recovery further. *Telegraph Co.* v. *Potts,* 120 Tenn., 37, 45.

 Recoveries in this State for mental anguish purely, unaccompanied or supported by physical or property injuries, appear to have been confined to telegraph and telephone cases, beginning with the leading case of *Wadsworth* v. *Telegraph Co.,* 86 Tenn., 695, and grouped in the opinion of Mr. Justice NEAL in *Telegraph Co.* v. *Potts, supra;* and cases growing out of unwarranted or improper handling of dead bodies, of which *Hill* v. *Travelers Ins. Co.,* 154 Tenn., 295; *Taylor* v. *Bearden,* 6 Higgins, 33, and *Dutto* v. *Cemetery,* 8 Higgins, 120, are illustrations. Grounds for the allowance of recoveries in the telegraph cases are set forth in the opinion in the Wadsworth case. Much emphasis was put in this case upon the violation of a duty imposed by statute, actionable *per se,* as affording a basis for recovery, supporting in turn a recovery for incidental or consequent mental suffering. Perhaps the most generally recognized basis

for the allowance of damages for mental anguish in these exceptional cases is the theory that in telegraph and dead body cases it may fairly be said that mental feelings are within the contemplation of the parties. For example, in the Wadsworth case, *supra,* it was said that other than pecuniary benefits are contracted for, and that therefore "other than pecuniary standards will be applied in the ascertainment of the damages flowing from the breach,"—of the contract to transmit the intelligence.

In *Dutto* v. *Cemetery* and *Hill* v. *Insurance Company, supra,* right to recover for mental anguish resulting from the removal of a dead body was held to find support in the violation of plaintiff's right to the undisturbed possession and control of the body, which violation was an actionable trespass. In *Taylor* v. *Bearden, supra,* where the negligence of an undertaker and embalmer was involved, the right to a recovery for mental anguish alone was rested upon the ground that the mental feelings of the relative (in that case the husband), were in the contemplation of the parties in the making of the contract for the embalming of the body. This reasoning sustaining such recoveries has application also to the Telegraph Company which undertakes to convey a message with notice that its negligent performance of the undertaking will result in mental suffering. Further support for recoveries for mental anguish in dead body cases might well be found in the violence done to those sacred instincts of reverence and regard for the dead which are universally implanted in the human breast.

Counsel for plaintiff refer to the railroad cases in which recovery for fright has been allowed, the latest of these being *Memphis St. Ry. Co.* v. *Bernstein,* 137

Tenn., 637, but the opinion of Mr. Justice GREEN in that case makes it clear that recovery for fright may be had, not for the fright alone, but for such bodily pain and suffering as is approximately caused by the fright. The distinction between physical and mental suffering must be kept in mind.

And with respect to the case of *Railroad* v. *Harris,* 115 Tenn., 501, relied on, in which recovery was allowed for insulting conduct of a conductor to a female passenger, the right of recovery was expressly put upon the violation of the obligation of the contract of the carrier "not only to transport the passenger safely, but to protect him from trespasses or insulting conduct, either from other passengers on the train, or its own employees." The facts alleged in the instant case do not show a closed contract of transportation.

*Railroad* v. *Causey,* 6 Higgins, 407, was a case of alleged physical injury and suffering, not merely mental anguish, resulting from gross negligence in blasting. Neither this, nor our other cases, approve the allowance of recoveries for mental suffering only, when unsupported by physical injury or suffering, except the Railroad and Telegraph Companies and those involving disturbances or mutilation of the bodies of the dead, above discussed.

The facts alleged in plaintiff's declaration do not bring this case within the exceptions heretofore recognized in this State.

We think it quite manifest that recognition of the right asserted in the instant case to recover for mental suffering only would involve a distinct extension, which, as suggested in the Potts case, *supra* is not to be favored.

In the view taken, we are constrained to sustain the demurrer, as did the trial Judge, on the grounds indicated, and find it unnecessary to discuss other grounds relied on.

Affirmed.