## WARF v. PENNSYLVANIA R. CO.

### Civil Action No. 6117.

District Court, E. D. New York.

April 12, 1946.

Tyson & Tyson, of New York City (T. Kenneth Tyson and William Paul Allen, both of New York City, of counsel), for plaintiff.

Burlingham, Veeder, Clark & Hupper of New York City (G. Hunter Merritt, of New York City, of counsel), for defendant.

MOSCOWITZ, District Judge.

The jury rendered a verdict in favor of the plaintiff in the sum of $34,500. Upon rendition of the verdict, the defendant made a motion to set it aside upon various grounds, which was denied in all respects except that the Court reserved decision on the question of whether the verdict was excessive.

The plaintiff at the time of the accident was 39 years of age. He had been employed by the defendant as a brakeman for two years and was earning approximately $4900 per year. He was thrown from the top of a railroad freight car on June 3, 1945.

The jury could and undoubtedly did conclude that the plaintiff suffered severe injuries. There was a laceration of the left leg and thigh 7½ inches long, curved, varying in width from ¼ of an inch to an inch, with a row of stitch marks down each side of it which extended from the popliteal space—this is the space back of the knee between the two hamstrings extending up the inner side and up on to the inner side of the thigh. Motion of the left knee is limited in two ways. There is a limitation of motion in extending the injured knee and a fifty percent limitation

of motion on flexion thereof, and there is an enlargement around the knee joint. The circumference of the left knee is 16¼ inches and of the right knee is 15¾ inches. Plaintiff's calves at the thickest portions measure, left, 14⅝ inches, right, 14¼ inches. The plaintiff had previously suffered a back injury but suffered no ill effects during the two years in which he was employed as brakeman, in which employment he required extensive and unhampered ability to use his body and legs. Plaintiff is lame and walks with the assistance of a cane. There is calcification or lime deposit in the capsule of the knee joint. This calcification means a deposit of lime salts or bone-like material into tissue that is normally soft. This calcification accounts for the amount of inflammatory process due to the aggravation of the old injury to his back. Plaintiff has worn and is wearing a belt which has an immobilizing device. When the plaintiff moves there is a spasm in the muscle of his back. The muscle becomes rigid on manipulation of his back. Dr. Dorian testified that the condition in the back was a competent producing cause of pain.

The jury could have concluded that the leg would not return to normal and that the only way to relieve the back would be to keep it stiff and immobile. The jury could properly have concluded that the plaintiff's injury was such that he would be lame all of his life, that he would suffer pain and that his injuries would prevent him from doing any work which would require the use of his body and legs, such as being a brakeman or other physical labor.

The Court should not substitute its judgment for that of the jury. See Morris v. International Railway Co., 174 App.Div. 61, 159 N.Y.S. 993; Rosenzweig v. Hines, D.C., 285 F. 622; Bosher v. International Railway Co., D.C., 15 F.2d 388. It is so difficult to evaluate pain and suffering. It is perhaps less difficult to evaluate loss of earnings but even upon that subject the duration of injuries is sometimes problematical. Certainly there should be no interference with a jury's verdict where the evidence is sufficient, as here, to sustain its finding. Perhaps another jury or a judge might have reached a different result but that is not the test.

Motion to set aside the verdict is denied.