Mark **HOSKINS**, Steven Hoskins, Phillip Hoskins, by next friend, Hansford E. Hoskins, Plaintiffs-Appellees,

v.

Otha V. **BLALOCK**, Defendant-Appellant.

No. 17532.

United States Court of Appeals
Sixth Circuit.

Oct. 24, 1967.

Ray L. Jenkins, Knoxville, Tenn., Jenkins and Jenkins, of counsel, for appellant.

Lewis S. Howard, Knoxville, Tenn., Donaldson, Montgomery & Kennerly, Knoxville, Tenn., of counsel, for appellees.

Before O'SULLIVAN and COMBS, Circuit Judges, and CECIL, Senior Circuit Judge.

COMBS, Circuit Judge.

The three plaintiffs-appellees, Mark Hoskins, age six; Steven Hoskins, age five; and Phillip Hoskins, age three months, and their mother, Kathryn Hoskins, were passengers in an automobile driven by their father, Hansford E. Hoskins, in Knoxville, Tennessee. The Hoskins car was struck from the rear by a vehicle driven by the defendant-appellant. Suit was filed on behalf of each of the Hoskins for personal injuries. Judgments were recovered as follows:

| | |
|---|---|
| Kathryn Hoskins | $12,000.00 |
| Hansford E. Hoskins | 8,121.48 |
| Mark Hoskins | 2,000.00 |
| Steven Hoskins | 2,000.00 |
| Phillip Hoskins | 2,000.00 |

The awards were for compensatory damages; no punitive damages were awarded.

There is no appeal from the judgments in favor of the father and mother. This appeal is from the judgments obtained by the three children and the only point argued is that the awards are excessive.

There is no medical testimony on the extent of the children's injuries and the father, Hansford E. Hoskins, is the only witness who attempted to describe them. According to the father, the oldest child, Mark, was thrown against his seat belt and received "fairly massive bruises across his upper thighs in front"; the second child, Steven, received a "bad" or "massive" bruise on his forehead; and the baby, Phillip, received a bruise on the top of his head which the "doctor deemed was not serious." The three children were examined at a hospital in Knoxville shortly after the accident and were released. The only evidence on the medical treatment received by the children at the hospital is the statement by the father that "the others [children] were just treated in emergency." Mark and Steven spent the night with their father at a motel in Knoxville. Phillip was kept overnight in a private home. All of the children were returned to the Hoskins' home in Hamilton, Ohio, the following day. The total medical expense for each child was $4.00.

■ Plaintiffs rely on the familiar rule, as stated by Judge O'Sullivan for this Court in Jenkins v. Associated Transport, Inc., 330 F.2d 706 (1964), that it is the jury's responsibility to fix the award of damages and their decision is not subject to interference by the trial judge unless so excessive as to be indicative of prejudice, passion, partiality, or corruption on the part of the jury; also, that, absent abuse of discretion or clear mistake, the judgment of the judge who presided at the trial that a verdict was not excessive will control. The same rule stated in different words was approved by Judge Phillips speaking for this Court in the more recent case of Coursey v. Morgan Driveway, Inc., 366 F.2d 504, 508 (1966):

" 'The amount of damages is primarily for the jury to determine, and next to the jury the most competent person to pass on the matter is the judge who presided at the trial and heard the evidence, and after he has approved the verdict it is not for us to substitute our judgment for his or the jury's, but it is our duty not to disturb the verdict unless it is plainly so unreasonable as to shock the judicial conscience. [Citing cases.]' "

■■ There can be no quarrel with this rule and it seems to be rigidly followed by the Tennessee courts. Reeves v. Catignani, 157 Tenn. 173, 176, 7 S.W.2d 38 (1927); City of Nashville v. Brown, 25 Tenn.App. 340, 157 S.W.2d 612 (1941); Monday v. Millsaps, 37 Tenn. App. 371, 412, 264 S.W.2d 6 (1953). There is a corollary to the rule, however, which is that there must be substantial evidence of injuries upon which the damages are predicated. The corollary is well-stated by Judge Martin speaking for

this Court in Werthan Bag Corp. v. Agnew, 202 F.2d 119, 122 (1953):

> "It would be a usurpation of judicial authority, in the absence of any showing of bias, prejudice, passion, corruption or caprice upon the part of the jury *where there is in the record substantial evidence to support the amount awarded by a jury* as damages to the plaintiff, should the trial judge presume to set aside the verdict, or to reduce it, \* \* \*."

(Emphasis added.)

Judge Martin quotes with approval from Jennings v. Chicago, R. I. & P. Ry. Co., 43 F.2d 397 (D.C.Minn.1930), that, on a motion for new trial for excessiveness of the verdict, the question to be considered is whether there is substantial evidence to sustain the amount of the verdict. See also LaFollette Hardware & Lumber Company v. Jackson, 193 F.2d 647 (6th Cir. 1951); Handy v. Reading Co., 66 F.Supp. 246 (D.C.Pa.1946); Warf v. Pennsylvania R. Co., 65 F.Supp. 631 (D.C.N.Y.1946); Malone v. Suburban Transit Co., 64 F.Supp. 859, 865 (D.C.S.C.1946); Cole v. Chicago, St. P., M. & O. Ry. Co., 59 F.Supp. 443, 445 (D.C. Minn.1945).

■ Another way of stating the same rule is that where the verdict is manifestly without support in the evidence failure by the trial judge to set it aside amounts to an abuse of discretion. Thus, the question becomes one of law rather than one of fact and is reviewable on appeal. Virginian Ry. Co. v. Armentrout, 166 F.2d 400, 4 A.L.R.2d 1064 (4th Cir. 1948).[1]

■ So, the decisive question here is whether there is substantial evidence to sustain the jury's verdict. We do not find such evidence in the record. There is no medical testimony of injuries to the children and there is no testimony that any of them actually received medical treatment. There is no testimony on the extent of pain, discomfort or temporary disability experienced by any of the children. There is no testimony as to the size or severity of the children's bruises except the vague and inconclusive statements of their father. The children were able to be returned to their home in Hamilton, Ohio, on the day after the accident, and it is admitted by both parents that none of them has any permanent disability.

The father's testimony that the baby screamed at night for a period of time and had difficulty getting back on his normal routine has no probative value. The mere fact the baby was separated from his mother would normally upset him to some extent. Moreover, the father's testimony about the bruises received by the two older children is so indefinite as to be almost meaningless. Certainly, it does not measure up to the test of substantial evidence.

■ We are cognizant of the fact that the American dollar has decreased in value and that juries are more liberal in awarding damages. We take cognizance, too, that comparatively speaking the judgments for the children in this case are not large. On the other hand, we are not prepared to hold that a judgment in the amount of $2,000.00 is so small as to fall within the rule of *de minimis non curat lex.*

■ These children no doubt experienced shock, fright and terror by reason of this accident, and it is noted that the trial judge covered these elements in his charge to the jury. The difficulty is that Tennessee law does not permit recovery of damages for "fright" and "terror" alone; there must be sufficient proof of resulting pain and suffering. Trent v. Barrows, 397 S.W.2d 409 (Tenn.App.) cert. denied Tenn.Sup.Ct. (1965); Colsher v. Tennessee Electric Power Co., 19 Tenn.App. 166, 84 S.W.2d 117, cert. denied Tenn.Sup.Ct. (1935); Bowers v. Colonial Stages Interstate Transit, Inc., 163 Tenn. 502, 43 S.W.2d 497 (1931);

---

1. The limitation on the authority of an appellate court to review the size of jury verdicts is discussed in Simmons v. Avisco, Local 713, Textile Workers Union, 350 F.2d 1012, 1019 (4th Cir. 1965).

Memphis St. Ry. Co. v. Bernstein, 137 Tenn. 637, 194 S.W. 902 (1917).

Defendant-appellant raised the question of excessiveness of the verdict in the trial court by motion for a new trial or, in the alternative, for a substantial remittitur. Since the damages are unliquidated, we will not suggest a remittitur. We merely hold that in the present state of the record there is not sufficient evidence to sustain the jury's verdict and, in the absence of a substantial remittitur, the motion for a new trial should have been sustained.

Reversed and remanded for proceedings consistent with this opinion.