MEMPHIS ST. RY. CO. *et al. v.* MRS. LENA BERNSTEIN.
SAME *v.* MRS. KANTROVITZ.

*(Jackson,* April Term, 1917.)

**DAMAGES.   Grounds..   Fright.**

Damages cannot be recovered for fright alone, but may be recovered for the physical pain and suffering resulting from fright.

Cases cited and approved: Williamson v. Central of Georgia R. R. Co., 127, Ga., 125; A., T. & S. F. R. R. Co. v. McGinnis, 46 Kan., 109; Elgin, A.. & S. Tr. Co. v. Wilson, 217 Ill., 47; Pullman Co. v. Kelly, 86 Miss., 87; Sloane v. Southern California R. Co., 111 Cal., 668; Purcell v. St. Paul City R. Co., 48 Minn., 134; Watkins v. Kaolin Mfg. Co., 131 N. C., 536; Hill v. Kimball, 76 Tex., 210; Engle v. Simmons, 148 Ala., 92.

---

FROM SHELBY.

---

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court. —BEN L. CAPELL, Judge.

SAM P. WALKER, for Railway Co.

R. G. BROWN, for Gawrock.

ANDERSON & CRABTREE, for defendants.

MR. JUSTICE GREEN delivered the opinion of the Court.

The defendants in error were passengers in a jitney bus, which collided with a street car on the streets of Memphis, and they brought these two suits against the Street Railway Company and against A. Gawrock, owner of the jitney bus, for injuries alleged to have been sustained in the accident.

There was a recovery in both cases, and these judgments were affirmed by the court of civil appeals. Petitions for *certiorari* have been filed by the Street Railway Company and by the owner of the jitney car.

We think there was evidence to sustain the judgments against both defendants below.

In submitting the cases to the jury the court charged them as follows:

"Gentlemen, the measure of damages is, if the plaintiffs are entitled to recover in these cases they are entitled to recover compensatory damages that would fairly compensate them for the injuries they have received. In considering the compensatory damages you will consider as an element thereof the nature and the extent of the injury, if you find that there was any injury; you will take into consideration the mental and physical pain and suffering of the plaintiffs, if you find that either of them suffered mental or physical pain and suffering; you will also consider as an element of compensatory damages the

fright of the plaintiffs from the experience that they went through, and also the shock to their nervous system, if you find that they suffered any fright or received any nervous shock from the experience they went through."

In this instruction the court distinctly told the jury that they should consider as an element of compensatory damages "the fright of the plaintiffs from the experience that they went through."

Recovery for fright was authorized as a separate and independent element of damage. Recovery was not limited to bodily pain or suffering resulting from the fright, but was to be allowed for fright, and also for nervous shock from the experience the plaintiffs went through.

This instruction was erroneous. The authorities are quite in accord that mere fright cannot be made the basis of a cause of action, and that damages cannot be allowed for fright alone. *Williamson* v. *Central of Georgia Railroad Co.*, 127 Ga., 125, 56 S. E., 119; *Atchison, T. & S. F. R. Co.* v. *McGinnis*, 46 Kan., 109, 26 Pac., 453; *Elgin, A. & S. Tr. Co.* v. *Wilson*, 217 Ill., 47, 75 N. E., 436; *Pullman Co.* v. *Kelly*, 86 Miss., 87, 38 South., 317.

See other cases to the same effect collected in a note to 45 L. R. A. (N. S.), 433, and 3 L. R. A. (N. S.), 49.

The cases are not in harmony as to the right of a plaintiff to recover for physical pain and suffering resulting from fright. Many decisions deny this

right. We think, however the better reasoned cases hold that there may be a recovery for bodily pain and suffering proximately following fright occasioned by the negligence of a defendant.

The suit, under such circumstances, is based upon the physical pain and suffering endured by the plaintiff, and not upon the fright itself. Such pain and suffering of course must be the proximate result of the negligence. If the mental emotion occasioned by the negligence clearly produced the physical suffering, then the latter is in direct line of causation from the wrongful act of the defendant. While it may be somewhat more difficult in such a case to show the connection between the cause and effect, nevertheless, if the proof is satisfactory, we think a recovery should be allowed.

To this effect see *Sloane* v. *Southern California R. Co.*, 111 Cal., 668, 44 Pac., 320, 32 L. R. A., 193; *Purcell,* v. *St. Paul City R. Co.*, 48 Minn., 134, 50 N. W., 1034, 16 L. R. A., 203; *Watkins* v. *Kaolin Mfg. Co.*, 131 N. C., 536, 42 S. E., 983, 60 L. R. A., 617; *Hill* v. *Kimball*, 76 Tex., 210, 13 S. W., 59, 7 L. R. A., 619; *Engle* v. *Simmons*, 148 Ala., 92, 41 South., 1023, 7 L. R. A. (N. S.), 96, 121 Am. St. Rep., 59, 12 Ann. Cas., 740.

Other authorities in accord with the foregoing, as well as those taking the contrary view, will be found collected in notes in 12 Ann. Cas., 740, 3 L. R. A. (N. S.), 49, 45 L. R. A. (N. S.), 433. And see 8 R. C. L., 527.

In the cases before us Mrs. Bernstein suffered physical violence immediately producing injuries. Mrs. Kantrovitz sustained no such violence. Both plaintiffs were doubtless badly frightened, and there is evidence to the effect that this fright occasioned bodily pain to both. thereafter.

For the bodily pain and suffering produced by such fright and thereby proximately resulting from the accident, a recovery was permissible. For fright alone the plaintiffs below were not entitled to recover, and the charge which authorized a computation of damages based upon fright alone was erroneous and in derogation of the rights of the plaintiffs in error.

The judgment of the court of civil appeals is accordingly reversed, and the cases remanded for a new trial.