Lucile Nuckles *v.* Tennessee Electric Power Company.*

(*Knoxville.* September Term, 1927.)

Opinion filed October 15, 1927.

1. TORT. Personal injuries. Fright.

To justify a recovery in tort there must be a wrong done to the person or property of the plaintiff. (Post. p. 613.)

Citing: Warehouse & Cold. Storage Co. v. Anderson, 141 Tenn., 296;. Williams v. Nashville, 106 Tenn., 533.

2. SAME. Same. Same.

Fright or shock resulting to one from witnessing danger to or injuries inflicted by a wrongdoer upon another affords no ground of recovery to that one, even though the imperiled or injured person be the minor son of the frightened person. (Post, p. 613.)

3. SAME. Same. Same.

Damages may be recovered for physical pain and suffering resulting from fright or shock, but only when some legal duty owing to the imperiled or injured person has been breached; where a direct personal injury has been inflicted upon the person suing. (Post, p. 612, 613.)

Citing and differentiating: Memphis Street Railway Company v. Bernstein, 137 Tenn., 637.

4. SAME. Same. Trespass.

Endangering or injuring the minor son does not constitute a trespass upon the person of the parent, and the parent has no standing to maintain an action for personal injuries. (Post, p. 613.)

5. TORT. Personal injuries. Damage. Parent and child.

The parent has a property interest in the welfare of his minor child and to the child's earning, but trespass upon such rights

*Parent's mental anguish as element of damages at common law for personal tort to minor child, see annotation in 7 L. R. A. (N. S.) 518; 23 A. L. R. 361; 44 A. L. R. 428; 8 R. C. L. 516; 2 R. C. L. Supp. 623; 5 R. C. L. Supp. 474; 6 R. C. L. Supp. 515.

may not be ·redressed in an action of damages for personal in-
juries to the parent.   (Post, p. 613.)

6. REVIEW OF CASES.

Not deemed necessary when there is no conflict in the decisions and
the cases relied on to sustain suit do not support.   (Post, p. 613.)

*Headnotes 1. Torts, 38 Cyc., p. 419; 2. Damages, 17 C. J., section
155; 3. Parent and Child, 29 Cyc., p. 1639.

FROM HAMILTON.

Appeal in error from Circuit Court of Hamilton Coun-
ty.—HON. OSCAR YARNELL, Judge.

G. W. CHAMLEE, for plaintiff in error.

BROWN & SPURLOCK, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the
Court.

It appears from the declaration filed by the plaintiff
that her minor son was negligently run over by a street
car belonging to the defendant, and received serious in-
juries which necessitated the amputation of his leg.
The declaration avers that plaintiff witnessed the acci-
dent and as a result thereof was frightened and shocked
to such an extent that permanent physical injuries to her
have followed.

A demurrer was filed which challenged the legal suffi-
ciency of this declaration.   The demurrer was sustained
and the plaintiff has appealed to this court.

The judgment below must be affirmed.   In *Memphis
Street Railway Co.* v. *Bernstein,* 137 Tenn., 637, this
court held that damages might be recovered for physical
pain and suffering resulting from fright.   That, however,

was a case in which the defendant had breached a legal duty that it owed to the plaintiff—a case in which defendant had inflicted a direct personal injury upon the plaintiff.

We are not aware of any considered decision which holds that there can be a recovery for fright or shock because of danger to another, or injuries upon another in the presence of the plaintiff, even though the person imperiled or injured was near and dear to the plaintiff.

In other words, to justify a recovery in tort there must be a wrong done to the person or property of the plaintiff. *Warehouse & Cold Storage Co.* v. *Anderson,* 141 Tenn., 296; *Williams* v. *Nashville,* 106 Tenn., 533. When the defendant endangered and injured the son of the plaintiff it committed no trespass upon the person of the plaintiff, and the plaintiff has no standing to maintain an action for personal injuries. It is true a parent has a property interest in the welfare of the child by reason of the parent's liability for the care of the child, and the parent's right to the earnings of the child. A trespass upon this property right, however, is not to be redressed in this action and no such relief is herein sought.

In *Memphis Street Railway Co.* v. *Bernstein, supra,* the plaintiff was directly threatened and imperiled by the defendant, and that case is no authority here. A review of the cases is not considered necessary, since we find no conflict of decision, and the cases relied on by the plaintiff here do not support her contention.

The judgment below is affirmed.