GLADYS TRENT, Plaintiff in Error, v. R. E.
BARROWS et al., Defendant in Error.—397 S.W.
(2d) 409.

Eastern Section. May 14, 1965.

Certiorari Denied by Supreme Court October 4, 1965.

Richard H. Winningham, Chattanooga, for plaintiff in error.

Campbell & Campbell, Chattanooga, for defendants in error.

McAMIS, P. J. Mrs. Gladys Trent brought this action against R. E. Barrows and his daughter, Ann Barrows, for damages allegedly growing out of the operation of the father's automobile by the daughter, under circumstances making applicable the "Family Purpose Doctrine".

There was a directed verdict for defendants at the conclusion of plaintiff's proof in chief, on the ground that the action was one to recover for fright without any physical injury resulting therefrom and, therefore, an injury for which the law affords no redress. Plaintiff has appealed and assigned errors.

The declaration charges that on September 17, 1963, the daughter, Ann Barrows, was grossly and wantonly negligent in driving the father's car upon the private premises of plaintiff and her husband, where it violently struck the house near the front window where plaintiff was standing but that plaintiff saw the car approaching and retreated from the window. The declaration continues:

"As a proximate result of this grave shock and the imminent peril created by the outrageous conduct of the defendant (Ann Barrows) plaintiff immediately suffered extreme weakness and sharp pains in her chest which grew steadily worse until on September 21, 1963, plaintiff was hospitalized with a diagnosis of heart attack. Since

this accident plaintiff has incurred and become liable for large hospital bills. She has suffered intense physical pain, she has lost much sleep; and she has been sharply curtailed in her normal services to her husband and children. * * *''

It is to be observed that the declaration seeks no recovery for fright, mental shock or injury to the mind or nervous system. The damages sought are for weakness and physical pain incident to a heart attack following ''this grave shock and the imminent peril'' caused by the crash.

Plaintiff saw the car coming directly toward her and moved back two or three feet. The house shook to the extent water pipes burst, a cabinet and dishes fell onto the floor and the front of the house moved slightly on the foundation. There is no proof that any object struck the plaintiff. Physical impact, if it can be said such impact occurred, was limited to the vibrations of the house. Plaintiff was somewhat shaken but her body was not bruised or injured in any way.

Plaintiff testified that ''within a few minutes or a few seconds'' after the crash she began having pains in her chest and legs. Her neighbor from across the street saw the crash and went immediately to the scene. She described plaintiff as being visibly shaken, ''pale as a ghost'' and cold.

Dr. Kimball, a witness for plaintiff, had known and treated plaintiff a number of years and had performed an operation on her about six months before the date of the crash. He was consulted by plaintiff on September 20, 1963, three days after the crash. Her chief complaints to Dr. Kimball were pain in the chest, shortness of

breath, rapid pulse and extreme nervousness. After relating the incident of the crash, according to Dr. Kimball's testimony, she gave a history of "immediate pain and weakness and suffered extreme physical pain for four days."

Dr. Kimball determined that, in addition to nervous shock, plaintiff was suffering cardiospasms and a rapid heart and testified "we feel that Mrs. Trent has a 10 or 15 per cent permanent disability as a result of this experience." He did not recall that she had ever previously had a rapid heart and had found her heart in such condition that she was able to undergo major surgery six months before. He thought she had recovered from the operation at the time of the crash as well as from a blood clot or heart condition she had about 1957.

Dr. Kimball was not directly questioned as to whether the physical pain suffered by plaintiff was traceable to the experience of the crash. When asked if the rapid heart which he found was caused by this experience he replied that he did not recall having previously observed a rapid heart in examining plaintiff. He admitted basing his opinion largely on the history of the case as related by plaintiff. As to the admissibility of such evidence see Gulf Refining Co. v. Frazier, 15 Tenn.App. 662; International Harvester Co. v. Sartain, 32 Tenn. App. 425, 222 S.W.(2d) 854.

We think the triers of the facts might reasonably conclude that plaintiff had recovered from any previous heart condition and, since her regular physician had never observed that she had a fast heart, and this condition accompanied by chest pains occurred immediately after the crash, that she suffered physical injury and

.pain as a result of the negligence of the driver of the car. If so, plaintiff was entitled to have her case go to the jury. Although the evidence and the argument of counsel appear to have strayed considerably this was the narrow issue under the charge of the declaration as above noted.

With the issue so limited, we think this case is directly and clearly ruled by Memphis St. Ry. Co. v. Bernstein, 137 Tenn. 637, 194 S.W. 902.

In that case, after stating that the authorities agreed that "mere fright cannot be made the basis of a cause of action", the opinion continues:

"The cases are not in harmony as to the right of a plaintiff to recover for physical pain and suffering resulting from fright. Many decisions deny this right. We think, however, the better reasoned cases hold that there may be a recovery for bodily pain and suffering proximately following fright occasioned by the negligence of the defendant.

"The suit, under such circumstances, is based upon the physical pain and suffering endured by the plaintiff, and not upon the fright itself. Such pain and suffering of course must be the proximate result of the negligence. * * *"

Although one of the plaintiffs, Mrs. Kantrovitz, sustained no physical injuries, the Court pointed out that there was evidence of fright which thereafter caused her to suffer pain which she was entitled to have the jury consider. For that reason her case was not dismissed but reversed and remanded for error in the charge allowing the jury to compute damages upon the basis of fright alone.

■ The question was next considered in Nuckles v. Tennesse Electric Power Co., 155 Tenn. 611, 299 S.W. 775, involving fright but no physical injury to the plaintiff who witnessed an injury to her child. The court affirmed the action of the trial court in sustaining a demurrer on the ground that although the declaration charged that fright resulted in physical injuries there was no breach of legal duty owing the mother, even though the injured person happened to be her child. The opinion indicates no recession from the Bernstein opinion which was cited for the rule that damages may be awarded for physical injury resulting from fright growing out of a breach of duty to the plaintiff.

The rule of the Bernstein case now appears to be the majority rule. See Anno. 64 A.L.R.(2d) 143, citing numerous cases from Federal and State courts, as well as from England and Ireland. See also Johnson Freight Lines, Inc. et al. v. Tallent, 53 Tenn.App. 464, 384 S.W.(2d) 46, 47, certiorari denied March 31, 1964, wherein the plaintiff, with no physical injury, was held entitled to recover for a recurrence of a mental illness as a result of being thrown around in a car following an automobile collision.

Cases like Colsher v. Tennessee Electric Power Co., 19 Tenn.App. 166, 84 S.W.(2d) 117, based upon fright or injury to the nervous system and not upon physical or bodily suffering and disability resulting from shock or fright are not in point.

The remarks of counsel made in support of the motion for directed verdict completely overlooked the averments of the declaration above quoted and no doubt led the Court into the erroneous impression that the action was

one to recover for fright alone. Unfortunately, neither party called the pertinent averment of the declaration to the attention of the court.

Remanded with costs to be adjudged to defendants in error.

Cooper and Parrott, JJ., concur.