459 So.2d 666 (1984)
Joycelin Bernhard, Wife of/and James A. BURNS, Jane McConnell, Wife of/and William F. Meliet, Individually and as Administrators of the Estate of Their Minor Daughter, Michell Meliet, Leona Clark McConnell, Leona B. Egan, Betty Eirich, Wife of/and Joseph V. Bennitte, Jr. and June Conand, Wife of/and Marvin J. Ackerman Individually and as Administrators of the Estate of Their Minor Daughter, Jennifer J. Ackerman
v.
HOLIDAY TRAVELS, INC., Pan American World Airways, Inc., Cunard Lines, Ltd., Sheraton Corporation, GWV Travel, Inc., ABC Insurance Company, XYZ Insurance Company, and DEF Insurance Company.
No. CA 2031.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 1984.
*667 Teresa R. Ogden, New Orleans, for plaintiffs-appellants.
Suzanne P. Keevers, McGlinchey, Stafford, Mintz, Cellini & Lang (A Professional Law Corporation), New Orleans, for defendants-appellees.
Before GULOTTA, SCHOTT and WARD, JJ.
SCHOTT, Judge.
Plaintiffs, a group of travelers, brought this suit against a number of defendants for damages they suffered because of a series of difficulties and problems encountered on a Caribbean cruise tour. This appeal is by plaintiffs from a summary judgment dismissing their suit against one defendant, Sheraton Corporation, at whose hotel in Key Biscayne, Florida, they were lodged for the first evening of the tour. The principal issue is whether the case is controlled by Florida, rather than Louisiana, law so as to preclude plaintiffs from recovering for mental anguish, humiliation, and stress where there is no physical impact. A secondary issue is whether the applicable Florida law is a factual issue which precludes the granting of a summary judgment.
In their petition plaintiffs allege that because they failed to make flight connections in Miami which would place them in Puerto Rico for the start of their cruise, the airline put them up in defendant's hotel in Key Biscayne for the night with the intention of flying them out on the following day. They further allege that the air *668 conditioning broke down in the wing of the hotel where they were first lodged and they were caused mental anguish and physical distress by being required to move to another part of the hotel. Finally, they suffered again on the next day because defendant's employees advised them to leave for the airport earlier than was necessary so that they had an extended wait in the Miami airport.
The law of Florida precludes recovery of damages for stress or mental anguish in the absence of some physical impact. On the other hand Louisiana law authorizes such recovery. In order to determine which state's law controls the case both sides of this lawsuit agree that we must apply the "interest analysis" rule as in Jagers v. Royal Indemnity Company, 276 So.2d 309 (La.1973) and Succession of Dunham, 393 So.2d 438 (La.App. 1st Cir. 1980), modified on other grounds, 408 So.2d 888 (La.1981). The factors relevant to a determination of which state has the greater interest in the litigation are as follows from Restatement, Second, Conflict of Laws, Section 6(2) (1969):
"(a) the needs of the interstate and international systems,
(b) the relevant policies of the forum,
(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
(d) the protection of justified expectations,
(e) the basic policies underlying the particular field of law,
(f) certainty, predictability and uniformity of result, and
(g) ease in the determination and application of the law to be applied."
The only interest Louisiana has in this case is that plaintiffs are her citizens. The arrangements for rooms in defendant's hotel were made in Florida, the incidents giving rise to this suit happened there, and the particular hotel involved is located and operates there. The only connection it has with Louisiana is that there are Sheraton hotels here. We fail to see how that should create an interest in Louisiana as to how a Sheraton hotel runs in Florida.
Furthermore, Section 188(2) of the Restatement provides that in the case of a contract where the parties have not agreed on a choice of law to apply in a conflict situation, the interest analysis approach should be applied by considering the places of contracting and negotiation and performance of same, the location of the contract's subject matter and the domicile and place of business of the parties. Again, only plaintiffs' domiciles are in Louisiana. All other contacts here are in Florida. The contract was made in Florida where defendant's business was located after plaintiffs missed their flight to San Juan.
If this case is viewed as a tort action, Section 145 of the Restatement provides these guidelines for choice of law: place where injury occurred, place where tort was committed, place where relationship between the parties was entered, and domicile and place of business of parties. Here again the only contact Louisiana has is the domicile of the plaintiffs. Everything else points to Florida.
Having concluded that Florida law is applicable we pass to plaintiffs' other contention that summary judgment was inappropriate because Florida law must be proved as any other fact. We reject this argument because LSA-C.C.P. Art. 1391 specifically authorizes our courts to take judicial notice of the common law of a sister state and grants broad authority to a court in Louisiana to inform itself of such laws "in any manner as it may deem proper."
Plaintiffs do not seem to deny that Florida law is as stated, and we are satisfied that recovery would not be authorized under that law. See Herlong Aviation, Inc. v. Johnson, 291 So.2d 603 (Fla.1974) and Gilliam v. Stewart, 291 So.2d 593 (Fla. 1974).
Accordingly the judgment appealed from is affirmed.
AFFIRMED.